# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JACK HARRY SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. H-04-CV-3562 |
| | § | |
| DOUGLAS DRETKE, Director, Texas | § | |
| Department of Criminal Justice | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## ORDER

Jack Harry Smith, a Texas inmate incarcerated under a death sentence, seeks federal habeas corpus relief. (Docket Entry No. 7). Respondent Douglas Dretke filed a summary judgment motion challenging all the claims raised in Smith's petition. (Docket Entry No. 15). Having considered the pleadings, the state court record, and the applicable law, this Court **DENIES WITHOUT PREJUDICE** Respondent's summary judgment motion for the reasons discussed below.

## PROCEDURAL HISTORY

This case comes before this Court after an extensive and protracted procedural history. In 1978, Smith killed Roy A. Deputter during a robbery. A jury found Smith guilty of capital murder. A brief penalty phase followed the jury's determination of guilt. The prosecution only called one punishment-phase witness who authenticated penitentiary packets chronicling Smith's previous Texas convictions. The "pen packets" contained the following Texas criminal judgments against Smith:

- No. 74650 – Smith pleaded guilty on May 13, 1955, to robbery by assault and received a sentence of seven years.

- No. 74651 – Smith pleaded guilty on May 13, 1955, to robbery by assault and received a sentence of seven years.

- No. 74652 – Smith pleaded guilty on May 13, 1955. to robbery by assault and received a sentence of seven years.

- No. 74658 – Smith pleaded guilty on May 13, 1955, to theft and received a sentence of seven years.

- No. 86213 – a jury found Smith guilty on April 7, 1959, of robbery by assault and he received a sentence of life in prison.

State's Exhibits 77 and 78. The prosecution also introduced into evidence a disciplinary report from Smith's 1963 prison escape attempt. State's Exhibit 79. The prosecution relied on the documents listing Smith's prior convictions and prison record without developing the factual basis for those offenses through witness testimony. The defense objected to the introduction of the records detailing Smith's prior convictions because the documents, on their face, seemed to indicate that no attorney represented Smith in the prior criminal proceedings. State Record at 4697. The defense also lodged a hearsay objection to the disciplinary report. State Record at 4695. The trial court allowed those documents to come into evidence. The defense did not call any punishment-phase witnesses. The jury answered Texas' special issues in a manner requiring the imposition of a death sentence.

The Court of Criminal Appeals affirmed Smith's conviction and sentence on direct review. *Smith v. State*, 676 S.W.2d 379, 383-84 (Tex. Crim. App. 1984). The Supreme Court denied *certiorari* review from that judgment. *Smith v. Texas*, 471 U.S. 1061 (1985).

Smith filed a *pro se* state habeas application on May 28, 1985, which the Court of Criminal Appeals denied that same year. *Ex parte Smith*, No. 274702-A (Tex. Crim. App. Oct. 20, 1985). On October 24, 1985, Smith filed a state habeas application ("1985 application") through appointed counsel.[1] The state habeas court held an evidentiary hearing addressing issues raised by the 1985

---

[1] Smith's 1985 application raised the following grounds for relief:

(continued...)

application on June 2, 1986. The state habeas application, however, then lay dormant for a decade. On April 22, 1997, Smith filed an amended state habeas application ("1997 application") through new counsel. The 1997 application raised the following grounds for relief:

1.  Trial counsel provided ineffective assistance by:

    (a) failing to object to the admission of Smith's 1959 conviction because no attorney represented him on appeal;

    (b) failing to object to the admission of case no. 74658 because he was denied the right to counsel at trial;

    (c) failing to object to the admission of case no. 74650 because he was denied the right to counsel at trial;

    (d) failing to object to the admission of case no. 74651 because he was denied the right to counsel at trial;

    (e) failing to object to the admission of case no. 74652 because he was denied the right to counsel at trial;

    (f) failing to investigate the erroneous testimony of an expert witness, causing Smith to make an uninformed rejection of the prosecution's plea offer.

---

[1] (...continued)
1.  Admission of the disciplinary report from Smith's escape attempt violated the right to cross-examination and confrontation, as well as the due process of law, because the hearsay statements contained therein lacked sufficient indicia of reliability.

2.  The prosecution's agreement that led to a co-defendant testifying against Smith violated the Constitution because it occurred after the selection of five jurors.

3.  The trial court erred in the exclusion of some potential jurors for cause.

4.  Insufficient evidence supported the jury's answer to the first special issue.

5.  Insufficient evidence supported the jury's answer to the third special issue.

6.  The trial court's instructions established an unconstitutional burden of proof with respect to the first and third special issues.

7.  The Court of Criminal Appeals violated the Constitution by rejecting Smith's ineffective-assistance-of-counsel claims raised on appeal.

2.     The admission of the disciplinary report containing the escape attempted violated the Constitution because it amounted to hearsay.

3.     The prosecution's agreement that led to a co-defendant testifying against Smith violated the Constitution because it occurred after the selection of five jurors.

4.     The trial court erred in excusing a prospective juror for cause.

5.     Insufficient evidence supported the jury's answer to the first special issue.

6.     Insufficient evidence supported the jury's answer to the third special issue.

7.     The Court of Criminal Appeals violated the Constitution by rejecting his ineffective-assistance-of-counsel claims on appeal.

8.     The Court of Criminal Appeals erred in finding that sufficient evidence supported the first and third special issues by relying on evidence only supporting the second special issue.

On May 16, 2001, Smith filed a superceding application for habeas corpus relief ("2001 application"). Smith's 2001 application raised mostly the same claims as advanced in his 1997 application, with the addition of a new claim that trial counsel's inadequate challenge to the allegedly invalid convictions caused him not to testify at trial when he otherwise wished to do so.[2] The 2001

---

[2] Smith enumerated his claims as follows:

1. Trial counsel provided ineffective assistance by:

    (a) failing to object to the admission of Smith's 1959 conviction because no attorney represented him on appeal;

    (b) failing to object to the admission of case no. 74658 because he was denied the right to counsel at trial;

    (c) failing to object to the admission of case no. 74650 because he was denied the right to counsel at trial;

    (d) failing to object to the admission of case no. 74651 because he was denied the right to counsel at trial;

    (e) failing to object to the admission of case no. 74652 because he was denied the right to counsel at trial;

(continued...)

application, however, neglected to advance Smith's claim attributing his rejection of the prosecution's plea offer to defense counsel's inadequate investigation.[3]

On June 18, 2003, the state district court issued findings of facts and conclusions of law recommending that the Court of Criminal Appeals deny state habeas relief. The state habeas court considered the merits of all the claims Smith raised in his 1997 application. The state habeas court, however, found that Texas procedural law prevented consideration of the claim Smith raised first in his 2001 application--that trial counsel's lack of investigation into his prior conviction caused him to forfeit his right to testify. Specifically, the lower habeas court issued the following specific factual findings:

---

[2]      (...continued)
         (f)    failing to investigate the erroneous testimony of an expert witness, causing Smith to make an uninformed rejection of a plea offer.

2.    Trial counsel's failure to object sufficiently to the invalidity of Smith's earlier conviction caused him not to testify at trial.

3.    The admission of the disciplinary report containing the escape attempted violated the Constitution due to its reliance on hearsay.

4.    The prosecution's agreement that led to a co-defendant testifying against Smith violated the Constitution because it occurred after the selection of five jurors.

5.    The trial court erred in excusing a prospective juror for cause.

6.    Insufficient evidence supported the jury's answer to the first special issue.

7.    Insufficient evidence supported the jury's answer to the third special issue.

8.    The Court of Criminal Appeals violated the Constitution by rejecting his ineffective-assistance-of-counsel claims on appeal.

9.    The Court of Criminal Appeals erred in finding that sufficient evidence supported the first and third special issues by relying on evidence supporting the second special issue.

[3]      Smith subsequently filed a "first amendment to the superseding application" that he later voluntarily dismissed. The superceding application contained the same claims present in the 2001 application, but also renewed his claim challenging trial counsel's investigation into the expert witness' testimony.

5

17. The Court finds, based on a review of the pleadings filed by the applicant in cause number 274702-B, that the ground for relief presented in the applicant's May 16, 2001 superceding application wherein the applicant alleged that he was prejudiced in his right and desire to testify in his capital murder trial because of defense counsels' ineffectiveness regarding the applicant's 1955 and 1959 convictions was not presented in applicant's April 22, 1997 habeas petition.

18. The Court further finds that, according to the statutory requirements of TEX. CODE CRIM. PROC. ANN. art. 11.081 § 5(f), "If an amended or supplemental application is not filed within the time specified under Section 4(a) or (b), the court shall treat the application as a subsequent application under this section."

19. The Court finds, pursuant to the statutory requirement of TEX. CODE CRIM. PROC. ANN. art. 11.071 § 5, that the applicant's claim, which was newly presented in his May 16, 2001 superceding application for writ of habeas corpus, constitutes a subsequent application for writ of habeas corpus, and the Court is required to send such claim to the Court of Appeals to determine whether such claim meets the Section 5 exception requirements of subsequent claims which can be considered by the Court; however, the trial court will address the merits of applicant's claim that he was prejudiced in his right and desire to testify in his capital murder trial because of defense counsel's ineffectiveness regarding the 1955 and 1959 convictions.

FFCL, at 5, ¶¶ 17-19.

The Court of Criminal Appeals rejected Smith's habeas action in a two-page order. The substance of the Court of Criminal Appeals order reads as follows:

> In the instant cause, applicant presents nine allegations challenging the validity of his conviction and resulting sentence. We have reviewed the application and dismiss allegations one and two for failing to satisfy the requirements of Art. 11.071, Sec. 5 V.A.C.C.P. Allegations three through nine are denied based on the trial court's findings and conclusions. Accordingly, the application is dismissed in part and denied in part.

*Ex parte Smith*, No. 8.315-06 (Tex. Crim. App. Sept. 10, 2003) (unpublished).

This Court appointed counsel to prepare and litigate a federal petition for writ of habeas corpus on Smith's behalf. Smith filed his habeas petition on September 13, 2004, raising the same claims as his 2001 application. Respondent seeks summary judgment on each of Smith's claims.

(Docket Entry No. 15). In Smith's response to the summary judgment motion, he indicates that he "does not challenge" the state habeas court's rejection of the last six claims listed in his petition,[4] and presents no argument to support those claims. (Docket Entry No. 25 at 11). This Court, therefore, considers Smith to have waived federal review of all but the first three claims advanced in his federal petition.

## ANALYSIS

Although the parties have briefed the merits of Smith's claims, serious procedural questions linger. After Smith's apparent withdrawal of his additional habeas claims, his petition presents three claims for federal consideration, two of which Respondent challenges on procedural grounds. Respondent argues that Texas state law forecloses federal review of all Smith's claims except his argument challenging the admissibility of his escape attempt because "[t]he convicting court found those allegations untimely under Texas Code of Criminal Procedure article 11.071 section 5(f), in that Smith raised them for the first time in 2001–four years after filing his initial writ application in 1997." (Docket Entry No. 15 at 11).[5] Respondent misreads the lower court's procedural findings. The trial-

---

[4] Specifically, Smith does not challenge the state court's adjudication of his claims that the introduction of co-defendant Jerome Hamilton's testimony violated his constitutional rights, the trial court improperly dismissed a prospective juror for cause, and insufficient evidence supported Smith's death sentence. If Smith did not intend to waive federal consideration of these claims, the Court invites Smith to make his intention known in future briefing and provide legal support for those claims in light of any future summary judgment challenge.

[5] When a state prisoner defaults his federal claims in state court under an independent and adequate state procedural rule, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Comity and federalism require this Court to honor state procedural law "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998). The state habeas court cited Article 11.071 § 5(f) in dismissing part of Smith's petition: "If an amended or supplemental application is not filed within the time specified under Section 4(a) or (b), the court shall treat the application as a subsequent application under this section." TEX. CODE CRIM. PRO. art. 11.071 § 5(f). The Fifth Circuit has generally held that Article 11.071 is an adequate state procedural bar because the Texas courts strictly and regularly enforce the rule. *See Barrientes v. Johnson*, 221 F.3d 741, 758-61 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134
(continued...)

level habeas court's findings of fact and conclusions of law only recommended that the Court of Criminal Appeals dismiss the plea-offer subclaim that he first raised in 2001 as an abuse-of-the-writ, not the first two grounds for relief in his 2001 application. The only new claim Smith advanced in his 2001 application was the allegation that trial counsel's ineffective assistance caused him to reject a favorable plea offer. Smith raised the other two claims now challenged by Respondent in his 1997 application, a filing with which the lower habeas court took no issue.

"For the procedural-bar doctrine to prevent federal consideration of a constitutional claim, the dismissal must 'clearly and expressly' indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by the state courts, and applied to the majority of similar claims." *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001). A lack of clarity exists in the Court of Criminal Appeals' subsequent adjudication of Smith's claims. The lower habeas court found that procedural law barred consideration of one subcategory of Smith's ineffective-assistance-of-counsel claim. The Court of Criminal Appeals, without elaboration, found that "allegations one and two" offended Texas procedure. Presumably, the Court of Criminal Appeals referred to the first two claims raised by the 2001 application, though that is less than clear. Beyond the question of which claims the state courts barred, some question exists as to what procedural law the Court of Criminal Appeals used to bar them. The lower court essentially found that Smith's 2001 application did not amend his 1997 application in time, resulting in the bar of any new claims. The Court of Criminal Appeals opinion, apparently found the first two claims in Smith's 2001 application to be time barred. The Court of Criminal Appeals opinion could be read to hold that Smith's 1997 application failed to amend his 1985 application in a timely manner, though the time limitations in Texas' habeas statute

---

⁵        (...continued)
(2001)*;Muniz v. Johnson*, 132 F.3d 214, 221 (5th Cir.), *cert. denied*, 523 U.S. 1113 (1998).

postdated his 1985 application. The record does not reveal the reason for the bar of Smith's claims, or for finding a different procedural reason for dismissal than the lower court did. The parties compound this difficulty by not pointing to Texas state law that would clarify the Court of Criminal Appeals summary ruling, much less the adequacy or regularity by which Texas applied its new time limitations to habeas applications pending before its enactment. Because the state court's action on appeal lacks clarity at this juncture, this Court denies summary judgment.

Even if procedural law does not foreclose federal consideration of Smith's claims, significant questions remain in this case. This Court notes that the parties have not adequately briefed the merits of those claims. For instance, Smith argues that he was constructively denied counsel in his 1955 guilty pleas because the appointed attorney acted only as a "stand in" attorney without providing substantive representation. The lower habeas court, however, found that an attorney--most likely retained by Smith himself--adequately represented him in the guilty pleas. Smith has made little or no effort to meet the AEDPA's requirement that he produce "clear and convincing evidence" to rebut the presumptive correctness of the lower court explicit factual findings. *See* 28 U.S.C. § 2254(e)(1).

Further, if this Court can reach the merits of the claim relating to the 1959 conviction, the parties have not sufficiently addressed whether trial counsel's representation violated the Constitution by not satisfactorily opposing its introduction. The parties only briefly discuss the legal precedent concerning the introduction of prior convictions obtained without counsel. The parties do not extensively address the question of whether the introduction of such convictions can be harmless or are inherently prejudicial. Particularly, the parties do not discuss whether the Constitution would allow the introduction of the underlying facts of a crime if it disallowed evidence of a resultant judgment. The parties likewise do not address the factual question of whether the state court had any

9

support for finding that the prosecution could have called witnesses to attest to the facts of the almost two-decade-old crimes. The record does not demonstrate that the prosecution had any intention of finding witnesses to substantiate those stale convictions had the trial court suppressed the judgments. Briefing on the issues outlined above would aid this Court in adjudicating the merits of Smith's petition, if a merits review is appropriate.

## CONCLUSION

The Court **DENIES** Respondent's motion for summary judgment **WITHOUT PREJUDICE**. Respondent will file any renewed dispositive motion within sixty (60) days from the entry of this Order. Smith will have sixty (60) days to respond if Respondent again seeks summary judgment.

SIGNED this 14th day of June, 2005.

_JOHN D. RAINEY_
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE